IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN R. KING                                                                          PLAINTIFF

VS.                                                          CIVIL ACTION NO. 5:04cv232-JCS

DOLAN WALLER, ET AL.                                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court based on the Motion for Summary Judgment (docket entry number 24) filed by the Defendants[1]. See docket entry number 43. Having considered the motion for summary judgment and related filings, the undersigned finds that all of the Plaintiff's claims except his claim for inadequate medical treatment should be dismissed for his failure to exhaust administrative remedies. With regard to the Plaintiff's inadequate medical treatment claim, summary judgment should be granted in favor of all of the defendants, with dismissal entered with prejudice. Furthermore, the undersigned finds that this action should be dismissed as "frivolous" and counted as a "strike" in the context of 28 U.S.C. § 1915(e)[2].

I. DISCUSSION

Plaintiff filed this action based upon 42 U.S.C. § 1983, alleging that the defendants,

---

[1]The parties have previously consented, pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, to having the undersigned United States Magistrate conduct any an all further proceedings in the case and order the entry of final judgment.

[2]The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

present and former employees of the Wilkinson County Correctional Facility ("WCCF"), deprived him of his constitutional rights while he was incarcerated in WCCF as a convicted inmate. King alleges a long list of claims against the Defendants, including inadequate medical care, inadequate psychiatric care, denial of basic hygiene items, loss of property, use of excessive force, denial of due process, and denial of his right to practice "his own religious belief." Amended Complaint at 2.

With the exception of his claim alleging inadequate medical care, the Plaintiff has failed to exhaust his administrative remedies. The Defendants have affirmatively pleaded the defenses accorded to them in 42 U.S.C. § 1997 and the Administrative Remedies Program. Defendants' Answer at 4, docket entry number 12. Title 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e conclusively requires a state prisoner to exhaust available administrative remedies <u>before</u> filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending. <u>Wendall v. Asher</u>, 162 F.3d 887, 890 (5th Cir.1998); <u>see</u> <u>also</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures."). The United States Supreme Court has held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S. Ct. 983 (2002); see also Booth v. Churner, 532 U.S. 731, 739 (2001). Furthermore, as the Supreme Court has recently found the PLRA mandates that prisoners "properly" exhaust their claims by complying with the facility's administrative rules and procedures. Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

Although King expresses frustration with the Administrative Remedy Program, see Statement of Complaint at 1, he has failed to exhaust his administrative claims according to MDOC procedure, and, therefore, he is barred from asserting these particular claims in this action. See Woodland, 126 S. Ct at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Accordingly, the Court finds that all of the Plaintiff's claims, except for his claim for inadequate medical treatment for his back, should be dismissed without prejudice.

Turning to the remaining claim, the Plaintiff alleges that the Defendants violated his constitutional right to adequate medical treatment. In particular, the he alleges that the Defendants failed to give him adequate medical treatment for back pain. According to his complaint and his testimony at the Spears[3] hearing, on March 10 or 11, 2004, he experienced back pain related to an injury he had received on another occasion while playing basketball during his incarceration. On March 10 or 11, 2004, he asked to see medical personnel at WCCF, and at that time he was accompanied to the WCCF medical unit. Exhibit A to Defendants'

---

[3]Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Motion. During that visit, the records show that a nurse on duty took his vital signs and prescribed ibuprofen for his pain, but the Plaintiff indicated that he did not want the medicine. At the omnibus hearing, he admitted that he was seen by a doctor about a month and one-half later, and he remained at WCCF until approximately October 2004. Omnibus Hearing transcript, pg. 6, lines 9-17, Exhibit C to Defendants' Motion, Document 24-2 at 13. His medical records show that an x-ray of his lumbar spine was taken on June 21, 2005, after he was transferred to the Mississippi State Prison at Parchman. Document 24-2 at 15. That x-ray shows that although he complained of back pain, there was no acute fracture or spondylolisthesis seen in the lumbar spine. Although the x-ray revealed a "scoliosis convex left in the mid-lumbar region," the radiologist commented that the "[i]ntervertebral disc spaces are preserved in the lumbar region." Id. During the Omnibus Hearing, he also admitted that upon his transfer to Parchman, he was given ibuprofen for treatment of his back pain.

The defendants have moved for summary judgment on King's inadequate medical treatment claim. Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 1999 WL 246713, *3 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "the resolution of the issues affect the outcome of the suit under governing law." Id. The Court does

not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

Employing this standard, the undersigned finds that the defendants are entitled to summary judgment on this inadequate medical care claim. An examination of this claim shows that it falls short of a constitutional violation. An official's episodic act or omission violates a convicted inmate's Eighth Amendment right to medical care if the official acts with subjective deliberate indifference to the detainee's or inmate's rights. Nerren v. Livingston Police Dep't, 86 F.3d 469, 473 (5th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 648 (5th Cir. 1996)(en banc). The Fifth Circuit has defined "subjective deliberate indifference" as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." Nerren, 86 F.3d at 473. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir.1997).

Although he may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). Furthermore, when judging his claim under the summary judgment standard, it fails. The Defendants have presented proof, not rebutted by the Plaintiff, that he received medical care from a doctor within a few weeks of his

March 10 or 11, 2004, complaints of pain. See Banuelos v. McFarland, 41 F.3d at 235 ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Moreover, the fact that he refused the pain medication from the nurse because he did not agree with her diagnosis does not bolster his case. See Wesson v. Oglesby, 910 F.2d 278, 283 (5th Cir. 1990) (Plaintiff's disagreement with a nurse's diagnosis, rather than a doctor's, cannot rise to the level of a constitutional claim.). Furthermore, although his treatment may not have been the best that money can buy, this course of treatment did not demonstrate deliberate indifference to his medical needs. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Thus, because the Defendants have shown that they were not deliberately indifferent to his serious medical needs, they are entitled to summary judgment as to this claim, and this claim should be dismissed with prejudice.

## II. CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that all of the Plaintiff's claims, except his claim for inadequate medical attention as described above, should be dismissed without prejudice for his failure to exhaust administrative remedies. Furthermore, the Court grants summary judgment in favor of the Defendants on the Plaintiff's inadequate medical attention claim. The undersigned finds that this claim should be dismissed with prejudice, as frivolous, and that this dismissal should count as a "strike."[4] A separate

---

[4] Pursuant to Brown v. Harrison County Cir. Ct., 2007 WL 1306422 (S.D. Miss. 2007)(J. Guirola), "Since a portion of this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g); see Comeaux v. Cockrell, 2003 WL 21659432 (5th Cir. July 15, 2003). If the Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal."

judgment in accordance with this Memorandum Opinion and Order will be entered. Fed. R. Civ. P. 58.

SO ORDERED, this the  15th  day of August, 2007.

s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE